United States District Court
Southern District of Texas

**ENTERED**

December 07, 2022

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANDRA L. FRANKLIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-1619** |
| | § | |
| **MANAGED LABOR SOLUTIONS, LLC,** | § | |
| **KELLY SANDERS, & CHANDRA TUBBS** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss Complaint (ECF 19).[1] Having considered the parties' submissions and the applicable law, it is RECOMMENDED that Defendants' Motion be GRANTED.

### I.    Background

This case involves Plaintiff's allegations that Defendant Managed Labor Solutions, LLC ("MLS"), and MLS employees Kelly Sanders ("Sanders") and Chandra Tubbs ("Tubbs") violated Title VII, 42 U.S.C. § 2000e, *et seq.* by engaging in (1) discriminatory termination, (2) discriminatory failure to promote, and (3) retaliation. ECF 1 at 4.  Plaintiff filed the Complaint against MLS, Sanders, and Tubbs (collectively, "Defendants") on May 20, 2022.  Prior to filing suit in this Court, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 16, 2021.  The EEOC issued a Notice of Right to Sue letter on March 2, 2022 (ECF 1-1 at 1), but Plaintiff alleges he did not receive that notice until

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 4.

May 19, 2022.  ECF 1 at 5.  Plaintiff did not attach the EEOC charge to the Complaint and it is not

a part of the record in this case.  Plaintiff's Complaint, which was filed using a form Complaint

for Employment Discrimination, consists of the following factual allegations:

> *I applied for a Supervisor's position and was told the position was*
> *closed by Chandra Tubbs.  Tracy Johnson, a female and friend of*
> *Cha[nd]ra Tubbs was given the position although the position never*
> *reposted and she never applied.  I was then forced to train Ms.*
> *Johnson and when Ms. Johnson didn't like how things were going*
> *she, Ms. Tubbs and Kelly Sanders conspired to and did terminate*
> *me by making false statements that I shared information I was not*
> *privy to and that I intimidated team members.  None of this was true*
> *and I have been working side by side with some of the same team*
> *members who made the false statements against me, while working*
> *for the client company for the last 2 months.  I've personally seen*
> *Ms. Tubbs and Mr. Sanders, who fired me and Ms. Johnson who*
> *made false accusations against me as well as several former team*
> *members.  The manager of the client . . . .* [2]

ECF 1 at 5.  The Complaint also appears to allege that Johnson was "unqualified."  *Id.* at 4-5.

Defendants filed a Motion to Dismiss under Rule 12(b)(6) on July 8, 2022 (ECF 19)

arguing that Plaintiff's Claims against Sanders and Tubbs must be dismissed as a matter of law

(*id.* at 3-4), and that Plaintiff has otherwise failed to state a claim against MLS (*id.* at 6-9).  In

Plaintiff's Response to the Motion to Dismiss (ECF 20), he "agrees to dismiss [without prejudice]

defendants Kelly Sanders and Chandra Tubbs."  *Id.* at 12.  Plaintiff's Response further includes

several pages of factual allegations that were not included in the Complaint.  Defendants urge the

Court to disregard these and other newly asserted legal and factual claims, and contend that, even

if considered, Plaintiff's Complaint still fails to state a claim for relief under Rule 12(b)(6).  ECF

22 at 2.

---

[2] It is unclear whether this represents Plaintiff's allegations in their entirety, or whether additional allegations were
excluded due to the limitations of the pro se form that Plaintiff used to file the Complaint.  ECF 1 at 5.

## II.      Legal Standards

### A.  Motion to Dismiss for Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the court does not apply the same presumption to conclusory statements or legal conclusions.  *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion.  If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment.  *See* FED. R. CIV. P. 12(d).  However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims.  *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

## III.      Analysis

### A.  Plaintiff's claims against the individuals should be dismissed.

Plaintiff sued Defendants Sanders and Tubbs, employees of Defendant MLS, in their individual capacities for violations of Title VII.  While Title VII allows a plaintiff to bring suit

3

against his employer, it does not authorize a cause of action against individual employees of the employer. *Zeng v. Texas Tech Univ. Health Sci. Ctr. at El Paso*, 836 F. App'x 203, 208 (5th Cir. 2020) (when a plaintiff sues his employer under Title VII, "he may not simultaneously sue the individual defendants"). No Title VII action may be maintained against Sanders or Tubbs, and any amendment of Plaintiff's claims against these individual Defendants would be futile. Accordingly, the claims against the individual Defendants should be dismissed with prejudice. *Wiggins v. La. State Univ.*, 710 F. App'x 625, 627 (5th Cir. 2017).

### B. Plaintiff's discrimination and retaliation claims against Defendant MLS should be dismissed for failure to state a claim.

Plaintiff's Complaint alleges violations of Title VII for failure to promote and wrongful termination based on his sex. ECF 1 at 4. The Complaint also advances a claim of retaliation. *Id.* To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must set forth allegations that enable the court to reasonably infer that his employer discriminated against or retaliated against him in violation of Title VII. *Cicalese v. Univ. of Tex. Medical Branch*, 924 F.3d 762, 767 (5th Cir. 2019). The "ultimate question" is whether Plaintiff has pleaded facts from which the Court can reasonably infer that an adverse employment action was taken "*because of* [his] protected status." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (emphasis in original) (citation omitted).

### 1. Plaintiff's Title VII claims based on failure to promote should be dismissed.

A *prima facie* case of sex discrimination based on a failure to promote requires that the plaintiff demonstrate "(1) she is a member of the protected class; (2) she sought and was qualified for a position for which applicants were being sought; (3) she was rejected for the position; and (4) the employer hired a person outside of the plaintiff's class or continued to seek applicants with the plaintiff's qualifications." *McMullin v. Miss. Dep't of Pub. Safety*, 782 F.3d 251, 258 (5th Cir. 2015). There is no dispute that Plaintiff is a member of a protected class and that a failure to

promote constitutes an adverse employment action.  Defendant argues that the Complaint contains no facts from which the Court could reasonably infer that Plaintiff was not promoted to the position for which Johnson was hired *because of* his sex.  ECF 1 at 5.  To the contrary, Plaintiff states that Johnson is a "friend" of Tubbs, suggesting the decision to hire Johnson and not promote Plaintiff was based on nepotism.  *Id.*  Nepotism is not by itself actionable under Title VII.  *Harville v. City of Houston, Miss.*, 945 F.3d 870, 877 (5th Cir. 2019) ("nepotism . . . was not evidence of . . . discrimination and [plaintiff] improperly conflated the two concepts").  It is unclear from the allegations in the Complaint whether Plaintiff applied for a position for which applications were being sought, or whether Johnson was hired for a position for which he applied.  Further, Plaintiff has not pleaded facts tending to show that he was qualified for the position for which he was allegedly passed over.  Plaintiff's Complaint fails to allege facts from which the Court could reasonably infer that he was not promoted *because of* his protected status; accordingly, the claim must be dismissed.  *Cicalese*, 924 F.3d at 767.

### 2. Plaintiff's Title VII claims based on wrongful termination should be dismissed.

A *prima facie* case of sex discrimination based on termination requires that the plaintiff to show the following: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) other similarly situated employees outside his protected class were treated more favorably.  *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).  Again, while his membership in a protected class and the occurrence of an adverse employment action are not disputed, Defendant contends that the Complaint contains no factual allegations from which the Court can reasonably infer that his termination was based on a discriminatory motive.  Nor does the Complaint allege that Plaintiff was qualified for the position, or that any "similarly situated employee[]" was treated more favorably.  *Id.*  Because Plaintiff's Complaint fails to allege facts from which the Court could

reasonably infer that he was not promoted *because of* his protected status, the claim must be dismissed.  *Cicalese*, 924 F.3d at 767.

### 3.  Plaintiff's Title VII claim based on retaliation should be dismissed.

To make out a *prima facie* case of retaliation, a plaintiff must demonstrate (1) he engaged in activity protected by Title VII; (2) the employer took an adverse employment action against him; and (3) there is a causal connection between the protected activity and the adverse employment action.  *Aryain v. Wal-Mart Stores LP*, 534 F.3d 473, 484 (5th Cir. 2008).  "An employee has engaged in protected activity when he . . . [has] made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII.  *Id.* at 484 n.8 (quoting 42 U.S.C. 2000e-3(a)).  For purposes of a Title VII retaliation claim, an adverse employment action is any action that could dissuade a reasonable worker from making or supporting a charge of discrimination.  *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Defendant argues that Plaintiff's retaliation claim must be dismissed because he has failed to allege that he engaged in "protected activity."  ECF 19 at 8-9.  Further, Defendant argues that any allegations of retaliation described in Plaintiff's Response to the Motion to Dismiss lack sufficient detail to sustain a cause of action.  ECF 22 at 5-6.  The Court agrees that Plaintiff's Complaint fails to plead facts indicating that he engaged in any "protected activity" and therefore his claim for retaliation under Title VII should be dismissed.  *See Richards v. JRK Prop. Holdings*, 405 F. App'x 829, 831 (5th Cir. 2010) (upholding the dismissal of a Title VII retaliation claim where the plaintiff failed to assert that she had engaged in an activity deemed "protected").

### 4.  Plaintiff should be given leave to amend certain claims.

Litigants who file pro se are "[g]enerally" permitted to amend a complaint before it is dismissed with prejudice.  *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  Such leave

is particularly warranted where, in the face of a motion to dismiss for failure to state a claim, the record shows that the plaintiff has not had the opportunity to plead his "best case."  *Id.* at 678.  A plaintiff has not pleaded his "best case" where he "state[s] material facts that [he] would include in an amended complaint to overcome the deficiencies identified by the court."  *Wiggins*, 710 F. App'x at 627.  The Court may review filings outside of the pleadings in determining whether leave should be granted to amend the complaint.  *Amanduron v. Am. Airlines*, 416 F. App'x 421, 423-24 (5th Cir. 2011) (analyzing a plaintiff/appellant's appellate brief to determine that she could have made "a better case for her claim[s]").  Such leave may properly be denied, however, if amendment would be futile.  *Wiggins*, 710 F. App'x at 627.

Here, Plaintiff's Response includes factual allegations which address some of the deficiencies in his Complaint with respect to his sex discrimination and retaliatory termination claims.  First, with respect to the failure to promote claim, Plaintiff alleges in his Response that he was qualified for the Supervisor position through "previous management jobs" and that he had worked "in the Lead position and getting the job done successfully without the correct pay for 9 months before Tracy Johnson was appointed Supervisor . . . ."  ECF 20 at 9.  He claims that he applied for the position, but that Tubbs told him that the position was "closed," and that Tubbs hired Johnson for the supervisor position several months later.  *Id.* at 3; ECF 1 at 5.  Because leave to amend should be given freely, the Court finds that Plaintiff should be granted leave to amend this claim.

In addition, Plaintiff's Response alleges facts relevant to sex-based discrimination and whether he was terminated because of his sex.  First, he alleges that Johnson initiated inappropriate sexual contact on three occasions beginning on September 17, 2020.  ECF 20 at 3.  He alleges that Johnson and other female co-workers "began to walk around yelling things like 'Girl Power' and 'Me Too' and high five each other and say, 'you can't win!' directed at [him]" in the wake of those

7

incidents. *Id.* He also claims that Tubbs and Sanders were made aware of, but did not address, this gender-based conduct (*id.*), and that the motive for his termination was at least in part connected to the alleged sexual harassment. *Id.* at 8. Because leave to amend should be given freely, the Court finds that Plaintiff should be granted leave to amend this claim.

With respect to the claim that he suffered a retaliatory termination, Plaintiff's Response addresses several of the defects in his Complaint and ultimately alleges that he suffered an adverse employment action as a result of a protected activity. First, he alleges he reported inappropriate sexual touching by Johnson to Tubbs and that he "tried to report the issue" to Sanders, but that neither took any action to remediate the behavior. ECF 20 at 3. He also alleges in the Response that Johnson's behavior began "[o]n or about September 17, 2020," approximately two months before his termination. *Id.* His Response does not specify a date on which he engaged in "protected activity," but he appears to allege that he "reported" incidents to Tubbs and Sanders sometime between September 17 and November 20, 2020, the date he was terminated. *Id.* Because Plaintiff's Complaint alleges an adverse employment action, and his Response alleges he may have engaged in protected activity prior to the adverse employment action, the Court finds that Plaintiff should be granted leave to amend with respect to this claim.

Finally, with respect to his allegation that the failure to promote was retaliatory under Title VII, Plaintiff's Response alleges that he engaged in "protected activity" by reporting alleged sexual touching or harassment by Johnson which began on September 17, 2020. Plaintiff also alleges he was first denied for the position in March 2020, and that Johnson was promoted in August 2020. *Id.* According to Plaintiff's own allegations, any report of the alleged sexual harassment could not have occurred prior to the date Plaintiff was passed over for promotion. *Id.* As a matter of law, Plaintiff cannot state a claim for retaliatory failure to promote when the protected activity occurs after the adverse employment action. *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 806

(5th Cir. 2007) (clarifying that, to prevail on a retaliation claim, a plaintiff must ultimately show that the protected activity was a but-for cause of the employer's adverse employment action).  Any attempt to amend Plaintiff's claim for retaliatory failure to promote would be futile.  Therefore, the claim should be dismissed with prejudice.  *Wiggins*, 710 F. App'x at 627.

## IV.   Conclusion and Recommendation

It is therefore RECOMMENDED that

- Defendants' Kelly Sanders and Chandra Tubbs Motion be GRANTED and that all claims against Defendants Kelly Sanders and Chandra Tubbs be DISMISSED WITH PREJUDICE;

It is also RECOMMENDED that Defendant Managed Labor Solutions, LLC's Motion be GRANTED as set forth below:

- Plaintiff's claim for retaliation based on a failure to promote be DISMISSED WITH PREJUDICE;

- Plaintiff's remaining claims be DISMISSED WITHOUT PREJUDICE and that Plaintiff be granted leave to file an amended complaint that complies with any order adopting this Memorandum and Recommendation.

With respect to all claims for which Plaintiff is given leave to file an Amended Complaint, Plaintiff is not authorized to assert claims that have been dismissed with prejudice or claims that were not asserted before the EEOC or do not fall within the scope of the EEOC investigation. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 472 (5th Cir. 2016).  Plaintiff is on notice that any claims in an Amended Complaint which fail to comply with this Memorandum and Recommendation or with Rule 8(a) of the Federal Rules of Civil Procedure may be dismissed with prejudice.  *See Wiggins*, 710 F. App'x at 627 (citation omitted) (providing that a plaintiff's claims

may be dismissed with prejudice after he is "apprised of the insufficiency" of his complaint and given an opportunity to plead facts to overcome deficiencies in that complaint).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on December 07, 2022, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge